UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MIGUEL HERNANDEZ GUTIERREZ,

Petitioner,

v.

JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement, Salt Lake City Field Office; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General, and MATT THOMAS, Sheriff of Washington County,

Respondents.

Case No. 1:26-cv-00469-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Miguel Hernandez Gutierrez ("Hernandez"). For the reasons described below, the Court will grant the petition and order Hernandez released. Hernandez has also filed a Motion for a Temporary Restraining Order (TRO). Because the TRO motion raises substantially identical arguments as the Petition, and seeks relief pending the Court's resolution of the Petition, which is now resolved, the Court

will deny the TRO motion as moot.

## BACKGROUND

Hernandez is a native and citizen of Mexico. He alleges that he fled Mexico for his safety, and that he entered the United States in 2019 as an unaccompanied minor. Hernandez alleges that he was taken into ICE custody on July 23, 2026[1] for unknown reasons, despite having no criminal history.

After his July 23, 2026 arrest, Hernandez was turned over to ICE Enforcement and Removal Operations (ERO) Boise for processing. During initial processing, he was offered and accepted a Voluntary Departure to Mexico. On July 25, 2026, however, he filed a petition in this Court. ERO Boise then re-processed his case to convert it from a Voluntary Departure and served him with a Notice to Appear. A few days later, on July 30, 2026, the Ninth Circuit handed down *Rodrigeuz Vazquez v. Bostock,* 183 F. 4th 1160 (9th Cir. 2026), holding that unadmitted noncitizens present in the interior of the United State are governed by the discretionary detention framework of 8 U.S.C. § 1226(a), rather than the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). Responding to that

---

[1] The Petition is inconsistent regarding dates; some paragraphs allege Hernandez was detained by ICE on July 24, 2026, *see* Dkt. 1 ¶¶ 2. 26, while other paragraphs say he was taken into ICE custody on July 23, 2026, *see id.* ¶¶ 3, 19. The response indicates that the Owyhee County Sheriff's Office deputy encountered Petitioner during a traffic stop on July 23, 2026 and then arrested him and turned him over to ICE Enforcement and Removal Operations (ERO) Boise for processing. *See Response,* Dkt. 7, at 2. Respondents also refer to "initial processing" on July 23, 2026. On this record, it appears that Hernandez was detained by ICE beginning July 23, 2026.

decision, ERO Boise then "re-assessed custody of Petitioner under 8 U.S.C. § 1226(a) with an individualized custody determination, finding Petitioner a flight risk and determining continued detention." *Callahan Dec.* ¶ 3, Dkt. 7-1. Then, on August 7, 2026 ERO Boise served ICE Form I-286 *Notice of Custody Determination* on Hernandez and explained his right to request a review of the custody determination by an Immigration Judge. *Id.* ¶ 11. Hernandez reportedly indicated he was requesting such a review by an Immigration Judge. *Id.;* Ex. 1 thereto.

As far as the Court is aware, Hernandez is detained at the Washington County Jail in Weiser, Idaho. *See Callahan Dec.* ¶ 9, Dkt. 7-1. He contends that his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) initially determined he was subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. 1 ¶¶ 6–10. He has also filed a Motion for Temporary Restraining Order.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Throughout our nation's history, habeas review "has remained a critical check on the Executive, ensuring

that it does not detain individuals except in accordance with law." *Id.*

## ANALYSIS

This Court has addressed dozens of substantially similar habeas petitions recently, all relating to the detention provisions of 8 U.S.C. §§ 1226(a) and 1225(b)(2). Before the Ninth Circuit decided *Rodriguez Vazquez*, 183 F.4th 1160 (9th Cir. 2026), the Court repeatedly held that unadmitted noncitizens apprehended in the interior of the United States are governed by 8 U.S.C. § 1226 rather than § 1225(b)(2)(A). The Ninth Circuit reached the same conclusion in *Rodriguez Vazquez,* holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.* at 1165. A brief summary of the § 1226(a) detention regime follows:

Section 1226(a) "permits (but does not require)" the Government, upon a warrant,[2] to arrest and detain a noncitizen pending removal proceedings and permits release on bond. *Id.* at 1173; 8 U.S.C. § 1226(a). DHS makes the initial custody determination, after which a detainee may seek a bond hearing before an

[2] Here, the Court outlines the procedure where the arrest is pursuant to a warrant. It is not clear whether Hernandez was arrested with or without a warrant. If it were a warrantless arrest, Hernandez would have been entitled to receive an initial custody determination within 48 hours, absent an emergency or extraordinary circumstances. 8 C.F.R. § 287.3(d). In this instance, however, Hernandez does not challenge the initial arrest, so the Court will not address issues related to a warrant here. That said, the outcome would not be different here if the arrest was without a warrant. As explained below, the Court has determined that a bond hearing, rather than release, is sufficient to correct the initial, wrongful detention under 8 U.S.C. § 1225.

Immigration Judge and further review in the Board of Immigration Appeals. *Id.* at 1167 (citing 8 C.F.R. §§ 236.1(c)(8), (d)(1), 1236.1(d)(1), (3), 1003.19). "A detainee will be released on bond if he demonstrates by a preponderance of evidence that he is not a flight risk or a danger to the community." *Id.* (citing *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1197 (9th Cir. 2022)).

Respondents continue to maintain their position that Hernandez is subject to mandatory detention under § 1225(b)(2)(A), but they acknowledge that *Rodriguez Vazquez* controls in the Ninth Circuit. *See Response*, at 3, Dkt. 7.

Under these circumstances, the Court concludes that Hernandez's initial detention under § 1225(b)(2)(A) was unlawful. The only remaining question, then, is what remedy is appropriate. As a general rule, when resolving a habeas petition, district courts have equitable authority to dispose of the matter "as law and justice require." 28 U.S.C. § 2243; *Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). But equitable relief should be no broader than necessary to remedy the violation before the Court. *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021).

The Court finds that release is an appropriate remedy here. The fact that Respondents have now reassessed Hernandez's custody under § 1226(a) does not erase the period of unlawful detention that preceded that determination. For approximately two weeks, Hernandez remained in custody under § 1225(b)(2)(A),

a mandatory-detention provision that did not apply to him. During that period, Respondents made no individualized determination that detention was warranted based on danger to the community or risk of flight. As this Court recently explained, Respondents cannot simply detain a person under an inapplicable mandatory-detention provision and then rely upon a later discretionary determination as though the required process had occurred at the outset. *See Encarnacion Candelario v. Knight*, No. 1:26-cv-00479-BLW, Dkt. 11 at 6 (D. Idaho Aug. 19, 2026).

To be sure, this Court is not holding that that immediate release necessarily follows whenever Respondents initially detain a noncitizen under § 1225(b)(2)(A) and later conduct the individualized custody determination required by § 1226(a). Habeas relief is equitable, and the appropriate remedy depends upon the circumstances of the particular case. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). Relief should be no broader than necessary to remedy the violation shown. *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021). It may well be that in future cases, a bond hearing would be the appropriate remedy.

On this record, however, the Court concludes that release is appropriate. Hernandez has no criminal history, and Respondents have identified no particular facts existing at the time of his arrest suggesting that he posed a danger to the community or a risk of flight. Further, the traditional function of habeas is to

remedy unlawful executive detention through release. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Preiser v. Rodriguez*, 411 U.S. 475, 484–85 (1973).

**ORDER**

For all these reasons, the Court concludes that release is appropriate. Accordingly, **IT IS ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED.**
2. Respondents shall immediately release Petitioner from custody.
3. Petitioner's Motion for a Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT.**
4. The Court will enter judgment separately.
5. The Clerk is directed to close this case.

DATED: September 11, 2026

B. Lynn Winmill
U.S. District Court Judge